# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DARRYL DUDLEY**,

      Plaintiff(s),

v.

                                CASE NO.: 05-60142

**JOHN DOE**,

      Defendant(s),      HONORABLE CORBETT O'MEARA
                                     MAGISTRATE JUDGE WALLACE CAPEL, JR.

_____/

## ORDER

Before the Court are Plaintiff's Motion to Set Aside Magistrate Judge's Order, filed on December 29, 2005; Plaintiff's Motion to Dismiss Defendant's Statement, filed on January 17, 2006; Plaintiff's Motion for Formal Investigation, filed on April 17, 2006; Plaintiff's Motion to Disqualify Magistrate Judge Capel, filed on January 7, 2006; and Plaintiff's Second Request to Disqualify Magistrate Judge Capel, filed on June 7, 2006.

Regarding Plaintiff's motions for recusal, 28 U.S.C. § 455 (2006) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned. (b) He shall also disqualify himself in the following circumstances: (1) where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The Supreme Court recently reaffirmed that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion... Almost invariably, they are proper grounds for appeal, not for recusal." 1996 WL 99365 at *1, quoting <u>Liteky v. United States</u>, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994).  28 U.S.C. §§ 144 and 145 are not intended to enable a "discontented litigant to oust a judge because of adverse rulings made, for such ruling are reviewable otherwise." <u>Berger v.</u>

United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232 (1921).  Furthermore, the undersigned is not required to transfer the motions for recusal to another judge for adjudication.  The Sixth Circuit has expressly rejected the argument that the assigned judge should be required to transfer a disqualification motion to a different judge for decision rather than deciding the motion himself.  Green v. Nevers, No. 92-76881, 1993 WL 1620511 at *30 (E.D. Mich. April 13, 1993).  Plaintiff's motions for recusal are therefore **DENIED**.

Finally, the following motions have been reviewed by the Court: Plaintiff's Motion to Set Aside Magistrate's Order, filed on December 29, 2005; Plaintiff's Motion to Dismiss Defendant's Statement, filed on January 17, 2006; and Plaintiff's Motion for Formal Investigation, filed on April 17, 2006.  These motions are frivolous and are also **DENIED**.  Plaintiff is advised that he will not be permitted to make additional filings without permission of the Court.

**IT IS SO ORDERED**.

The parties are hereby informed that any objection to this order must be filed with the district court within ten days after being served with a copy thereof, pursuant to Fed. R. Civ. P. 72(a).

                                            s/Wallace Capel, Jr.
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**DATED:**   August 10, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Diane Smith,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):
Darryl Dudley, 151365, Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI 48658

                                                       s/James P. Peltier
                                                       United States District Court
                                                       Flint, Michigan 48502
                                                       810-341-7850
                                                       E-mail: pete_peltier@mied.uscourts.gov