UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL DUDLEY, #151365,

    Plaintiff,

vs.                                              05-CV-60142

                                               HON. JOHN CORBETT O'MEARA
JOHN DOE "D. RICHARD,"          MAG. JUDGE WALLACE CAPEL, JR.

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This is a pro se prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Before the court is "Plaintiff's Motion for Summary Judgment," and "Defendant Richard's Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)."

**II.    STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1687 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citation omitted).

1

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (citation omitted). Although a court reviewing a Rule 12(b)(6) motion to dismiss should construe the plaintiff's complaint liberally, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." Uttilla v. City of Memphis, 40 F. Supp. 2d 968, 970 (W.D. Tenn. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F. Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed. R. Civ. P. 12(c) states, "If on a motion for judgment on the pleading, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . "

Under Fed. R. Civ. P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749

F.2d 1205, 1210-1211 (6th Cir. 1984) (citations omitted).  However, the court is not permitted to judge the evidence or make findings of fact.  60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435-36 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact.  This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case.  Celotex Corp., 477 U.S. at 325.  Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue.  Fed. R. Civ. P. 56(e).  To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury.  Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F. Supp. 214, 217 (E.D. Mich. 1990).

### III.   ANALYSIS

Both parties have filed motions for summary judgment.  However, the undersigned will confine its analysis to the arguments presented by Defendant, because Plaintiff's motion simply reiterates the allegations contained in his complaints with a conclusion that no material issues of fact exist.

First, Defendant argues that Plaintiff has failed to state a viable Eighth Amendment claim. In this case Plaintiff claims that he acquired a urinary tract infection from a dark oily substance in his toilet.  Plaintiff claims that Defendant is responsible because he denied Plaintiff the use of cleaning supplies to clean his cell.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the

inmates.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994) (citations omitted). An Eighth Amendment conditions-of-confinement claim has two elements. "First, the deprivation alleged must be, objectively, 'sufficiently serious,'[and] a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. at 834 (citations omitted). Second, the prison officials "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." Id. The deliberate-indifference requirement is satisfied "only if [the official] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. . . . [A] prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Hathaway v. Coughlin, 37 F.3d 63, 66 (2nd Cir. 1994) (citation omitted).

In this case Plaintiff alleges that Defendant denied him cleaning supplies on one occasion. Most courts addressing the issue have found that a one time, or short duration of denial of cleaning supplies or personal hygiene products does not rise to the level of "unquestioned and serious deprivation of basic human needs" necessary to establish an Eighth Amendment violation. See Wilson v. Seiter, 501 U.S. 294, 308, 111 S. Ct. 2321, 2329 (1991); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).

Even if Plaintiff could establish the first element of a condition of confinement claim, he fails to establish the second element. Plaintiff fails to present any evidence that Defendant was aware of the conditions of the cell, that the toilet contained the alleged oily substance, and that the

4

substance could be harmful to Plaintiff. In order to prove deliberate indifference, Plaintiff must demonstrate that Defendant was subjectively aware of an obvious serious risk of harm and ignored that risk. Farmer, 511 U.S. at 826. Where defendants truly do not believe a serious risk is present, there is no deliberate indifference. Id. at 836-37. Therefore, Plaintiff has not established a cognizable Eighth Amendment claim.

Next, Defendant argues that Plaintiff's First Amendment retaliation claim is without merit. Defendant argues that Plaintiff has failed to establish that he was engaged in protected conduct, and fails to establish that he suffered an adverse consequence. Defendant also argues that Plaintiff's claims are wholly conclusory and set forth no facts demonstrating a constitutional violation.

Plaintiff claims that on January 28, 2004, some five months after the incident he sent a law library request form through Defendant for processing so that Plaintiff could receive law books. Plaintiff claims he should have received a delivery of the books within twenty-four to forty-eight hours, but receive no response after a week had passed. Plaintiff concluded from the delay that Defendant maliciously failed to deliver the notice.

A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penalogical objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804 (1974). Prison officials may not retaliate against an inmate for exercising a constitutionally protected right. See Crocker v. Tennessee Secondary School Athletic Ass'n, 980 F.2d 382, 387 (6th Cir. 1992) (retaliation for constitutionally exercised rights are actionable) (citation omitted).

To set forth a prima facia case of retaliation, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary

firmness from continuing to engage in that conduct; and 3) the adverse action was motivated, at least in part, by the prisoner's protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff claims that defendant failed to deliver his legal request for malicious and retalitory reasons. Plaintiff presents no evidence to support his allegations, only his suppositions. Plaintiff, as the nonmoving party, must present some probative evidence in support of his claims; mere allegations, suppositions or conclusory pleadings are insufficient. See Kraft v. United States, 991 F.2d 292, 296 (6th Cir 1993), cert. denied, 510 U.S. 976 (1993) (citation omitted); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). The Sixth Circuit has held that "allegations of conspiracy and retaliation [are] conclusory and insufficient to support a cause of action under §1983." Williams v. Bates, 1994 WL 677670 at *3 (6th Cir. 1994); see also Gutierez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Thus, Plaintiff's retaliation claim is without merit and should be dismissed.

Plaintiff also claims that his Due Process rights under the Fourteenth Amendment were violated because Defendant summarily punished him by denying cleaning supplies without notice or an opportunity to be heard. Plaintiff's claim is without merit. The procedural guarantees of the Fourteenth Amendment's Due process Clause apply only when a constitutionally protected right, liberty, or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672, 97 S. Ct. 1401, 1413 (1977) (citations omitted). The level of due process varies with the severity of the deprivation. Boutcher v. Grossheim, 11 F.3d 101, 103 (8th Cir. 1993). Where the punishment is de minimis, the due process requirements likewise would be correspondingly de minimus. See id. Thus, the minor discipline summarily imposed here does not give rise to a due process claim. See id. Further,

6

Plaintiff was afforded due process in the present case by way of the prisoner grievance procedure.

Plaintiff alleges that defendant sought to ethnically intimidate him after a white skinned co-worker was assaulted by a dark skinned inmate. Plaintiff presents no evidence to support this claim other than his own suppositions. Conclusory allegations are insufficient to state a civil rights claim. Lillard , 76 F.3d at 726-27.

Defendant claims that he is entitled to qualified immunity. The court need not address that issue because Plaintiff has not established the violation of a constitutional right. Black v. Parke, 4 F.3d 442, 446-49 (6th Cir. 1993).

### IV.   CONCLUSION

For the reasons stated above I respectfully recommended that Defendant's Motion be **GRANTED**, Plaintiff's Motion be **DENIED**, and this case be **DISMISSED**.

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and file specific, written objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

        s/Wallace Capel, Jr.
        **WALLACE CAPEL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

**Date:**   August 15, 2006

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Diane M. Smith,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Darryl Dudley, #151365, Standish Maximum Correctional Facility, 4713 W. M-61, Standish, MI 48658.

                                                s/James P. Peltier
                                                United States District Court
                                                Flint, Michigan 48502
                                                810-341-7850
                                                E-mail: pete_peltier@mied.uscourts.gov